# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA T. PEREZ, | CASE NO. CV F 10-1082 LJO DLB |
| Plaintiffs, | **ORDER ON UNITED STATES' MOTION TO DISMISS** (Doc. 3) |
| vs. | |
| DEPARTMENT OF THE TREASURY and CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, | |
| Defendants. | |

## INTRODUCTION

Defendant Department of the Treasury, an agency of the United States of America ("government") moves to dismiss a Petition for Writ of Mandate ("petition") filed by plaintiff Silvia T. Perez ("Ms. Perez"). Ms. Perez's petition seeks a writ to direct California Administrative Law Judge James Donabed ("ALJ") and the California Unemployment Insurance Board, Fresno Office of Appeals, Fresno County ("CUIB"), to allow unemployment benefits based on her past employment with the Internal Revenue Service ("IRS"). The government argues that Ms. Perez's claim against the government must be dismissed because it is entitled to sovereign. In addition, the government argues that Ms. Perez fails to state a claim against the government. For the reasons described below, this Court finds that Ms. Perez fails to establish subject matter jurisdiction and fails to state a claim against the government. Accordingly, this Court DISMISSES the government from this action, and ORDERS the government to show cause in writing why this Court should not REMAND this action.

**BACKGROUND**

On April 23, 2010, Ms. Perez filed a petition for writ of mandate against the government and CUIB. Acording to the petition, Ms. Perez was employed with the IRS for approximately 20 years. The IRS found that Ms. Perez accessed taxpayer data improperly without an official reason to do so, and terminated her employment. Ms. Perez's petition is a restatement of an "original grievance" filed on her behalf. It is unclear from the petition when Ms. Perez filed the original grievance or whether it was adjudicated. The petition seeks:

> a Writ of Mandate issue[d] out of this Court directed at the Administrative Law Judge, James Donabed, and the California Unemployment Insurance Appeals Board, Fresno Office of Appeals, Fresno County, commanding them, as such judge and organization, to allow unemployment benefits for Silvia T. Perez based on wages from her recent employment with the IRS.

The petition makes no specific demand for relief against the government or its agency.

Ms. Perez originally filed her petition in the State of California Superior Court, County of Fresno. The government removed the action to this Court on June 15, 2010, and moved to dismiss on June 21, 2010. Ms. Perez filed a consent to jurisdiction by a United States Magistrate Judge on July 6, 2010, but failed to oppose the pending motion to dismiss. The government filed no reply. This Court finds this unopposed motion suitable for a decision without a hearing, vacated the August 4, 2010 hearing pursuant to Local Rule 230(c) and (g), and issues the following order.

**STANDARD OF REVIEW**

**Fed. R. Civ. P. 12(b)(1)**

The government contends that this Court lacks jurisdiction over Ms. Perez's claims pursuant to Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227

F.3d 1214, 1242 (9th Cir. 2000). In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In this case, the court must consider the allegations of the complaint as true. *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979). In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged. In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

The government's current motion is a is a facial attack, as the government "asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the Court "assume[s] plaintiff's factual allegations to be true and draw[s] all reasonable inferences in his favor." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). The Court does not, however, accept the "truth of legal conclusions merely because they are case in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**Fed. R. Civ. P. 12(b)(6)**

In the alternative, the government moves to dismiss Ms. Perez' claims pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*, 2009 U.S. App. LEXIS 15694, *14 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### DISCUSSION

Sovereign immunity is a jurisdictional bar to proceeding against the government. "[T]he United States may not be sued without its consent and [] the existence of such consent is a prerequisite to

jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983).  Evidence of the government's consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998).  The government's consent to suit defines the jurisdiction of the court to hear an action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).  The party asserting jurisdiction has the burden to establish all jurisdictional facts. *Indust. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Although Ms. Perez names the government as a defendant, she fails to allege the jurisdictional basis for the waiver of sovereign immunity.  Ms. Perez must state the jurisdictional basis for her claim against the government. *See McNutt v. General Motors Aceptance Corp.*, 298 U.S. 178, 182 (1936).  Moreover, in failing to oppose this motion, Ms. Perez has failed to carry her burden to establish that this Court has jurisdiction over her claim, if any, against the government.  Accordingly, Ms. Perez's claim against the government is dismissed for lack of jurisdiction.

Additionally, and in the alternative, Ms. Perez fails to state a claim against the government.  Ms. Perez states no facts against the government in her petition.  Her petition seeks a writ to mandate a California ALJ and the California Unemployment Insurance Board to grant her unemployment benefits.  Because the authority to grant state unemployment benefits lies with the state, Ms. Perez fails to allege facts against the government, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**Remand**

A district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (quoted in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988)).  Thus, the "presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (internal quotations and citations omitted); *Vaden v. Discover Bank*, – U.S. –, 129 S.Ct. 1262, 1272 (2009).  "The rule makes the plaintiff the master of the claim; he or she may avoid

federal jurisdiction by exclusive reliance on state law," *id*., and existence of federal jurisdiction is determined by the complaint at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

In the notice of removal, the government asserted that this Court has jurisdiction over this action pursuant to two statutes. First, the government relied on 28 U.S.C. §1346(b)(1), which confers on federal courts exclusive jurisdiction over civil actions against the United States and its agencies. Second, the government asserted that this Court has jurisdiction pursuant to 28 U.S.C. §1361, which considers federal jurisdiction over actions that seek to compel by mandamus action of a government officer or employee. Because Ms. Perez has failed to state a claim against the government, and does not seek to compel federal government action, this Court finds that it lacks jurisdiction over this action.

## ORDER

For the foregoing reasons, this Court:

1. DISMISSES Ms. Perez's claims against the Department of the Treasury; and
2. ORDERS the government, **no later than August 9, 2010**, to show cause in writing why this Court should not remand this action for lack of removal jurisdiction.

IT IS SO ORDERED.

**Dated:   July 29, 2010**                              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE